IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DULCIDIO QUIRINDONGO,** | : |
| **Plaintiff** | : CIVIL NO. 1:CV-10-01742 |
| v. | : (Judge Rambo) |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | : |
| **Defendants** | : |

## **M E M O R A N D U M**

Plaintiff Dulcidio Quirindongo, an inmate currently incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, filed this *Bivens*[1]-type action on August 19, 2010, naming the Federal Bureau of Prisons ("BOP") and Warden Ricardo Martinez as Defendants. (Doc. 1.) In the complaint, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs following surgery related to his prostate cancer.

Before the court is a motion to dismiss or, in the alternative, for summary judgment, filed on behalf of Defendants. (Doc. 20.) For the reasons set forth

---

[1] *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

below, the court will grant the motion to dismiss with prejudice as to Defendant BOP and dismiss it from this action. Further, the court will grant the motion to dismiss as to Defendant Warden Martinez without prejudice to Plaintiff to file an amended complaint asserting claims, if any, against Defendant Warden Martinez and any other potential defendants, if possible.

I.   **Background**

   A.   **Facts**

In his complaint, Plaintiff alleges that "[o]n 10-7-2008, while at [USP-Allenwood], the plaintiff underwent radical prostatectomy that required major surgery." (Doc. 1 at 1.) He alleges that following the surgery, Defendants "(1) failed to provide the proper standard of care; (2) willfully neglected to maintain a proper delivery of aftercare; (3) the on site medical staff at USP Allenwood was untrained to deal with the seriousness of the medical issues of the plaintiff; (4) plaintiff was not provided with the minimal standard of care for a human being; (5) and kept the plaintiff in a contaminated, unsanitary environment, post-operatorily [sic], that caused the plaintiff a major infection." (*Id*. at 2.) Plaintiff further alleges that the lack of Spanish speaking personnel caused delay and/or denial of proper and adequate medical care because personnel could not understand his complaints.

(*Id*. at 3.)  He also claims that Defendants "repeated[ly] failed to give him proper medication and competent medical attention."  (*Id*.)

As relief, Plaintiff seeks an order directing that medical staff be trained to speak Spanish at USP-Allenwood, monetary damages for pain and suffering, and an evidentiary hearing.

### B. <u>Procedural History</u>

Plaintiff filed his complaint on August 19, 2010.  (Doc. 1.)  By order dated September 1, 2010, the court directed service of the complaint.  (Doc. 10.)

Following an enlargement of time, Defendants filed a motion to dismiss, or in the alternative, for summary judgment, on January 20, 2011.  (Doc. 20.) Plaintiff filed a brief in opposition on February 3, 2011, arguing that Defendants' motion should be denied because they had failed to comply with three separate court orders directing them to respond to the allegations in the complaint.  (Doc. 26.)  There is nothing in the record to support this assertion.  Nevertheless, this motion is ripe for disposition.

## II.     Standard of Review - Motion to Dismiss

Defendants have filed a motion which, in part, seeks dismissal of the complaint on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, Defendants argue, in part, that Plaintiff has failed to name the proper party Defendants in his complaint.  As the court need not rely on any accompanying evidentiary documents outside the pleadings to address this threshold issue, the court will address this motion under the motion to dismiss standard only.

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).  "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type

of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord, e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

    A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); *accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise

5

a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007); *see also Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III. Discussion

In the instant motion, Defendants argue, *inter alia*, that they should be dismissed as parties in this action.[2] The court will discuss each Defendant in turn.

#### A. Defendant BOP

In their motion to dismiss, Defendants argue that the BOP should be dismissed as a party in this *Bivens* action because the BOP is not a properly named party. The court agrees.

It is well-settled that a federal agency is not a proper party Defendant in a *Bivens* action. As stated in *Reynolds v. Federal Bureau of Prisons*, Civ. No. 09-

---

[2] Because the court finds that Plaintiff has failed to name the proper Defendants in this *Bivens* action and will grant Plaintiff leave to assert a claim against Warden Martinez and any other potential defendants, if possible, *see infra*, the court is not inclined to address Defendants' other arguments, including one related to exhaustion of administrative remedies, at this stage in the litigation.

8

3096, 2010 WL 744127 (E.D. Pa. March 2, 2010),

> While a *Bivens* action may proceed against . . . individual defendants, the Supreme Court held that a *Bivens* action cannot be maintained against a federal agency. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Thus, count one will be dismissed against the BOP and Office of Inspector General on sovereign immunity grounds. It is well settled that the United States Government and its agencies are immune from suit absent a waiver. *Id.* at 475; *Zynger v. Dep't of Homeland Security*, 615 F. Supp. 2d 50, 56 (E.D.N.Y. 2009). No waiver has occurred here.

*Reynolds*, 2010 WL 744127, at *3. Thus, Defendant BOP will be dismissed from this action.

### B.  Defendant Warden Martinez

Defendant Warden Martinez argues that the complaint should be dismissed as to him because Plaintiff has failed to allege any personal involvement by Warden Martinez in violating any of Plaintiff's constitutional rights, and Warden Martinez cannot be held liable solely on the basis of *respondeat superior*. The court agrees that on the basis of *respondeat superior*, Defendant Martinez is subject to dismissal from this action.[3]

It is well-established that civil rights claims cannot be premised on the theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's

---

[3] Defendants also claim that because it appears that Plaintiff is suing Defendant Warden Martinez in his official capacity, he is entitled to sovereign immunity and should be dismissed from this action. The court will defer addressing this claim pending the filing of an amended complaint. *See infra*.

allegations, to have been personally involved in the events or occurrences that underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (relating to a claim under 42 U.S.C. § 1983, but also applicable to *Bivens* actions); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Liability cannot be based solely on the basis of a defendant's supervisory capacity. The plaintiff must allege that the official had knowledge of or acquiesced in any purported acts of constitutional mistreatment. *See Rode*, 845 F.2d at 1207.

Plaintiff names Defendant Warden Martinez as a Defendant in this action. Other than being listed in the caption of the complaint, Plaintiff does not mention Defendant Martinez or assert any claims against him. Clearly Warden Martinez has been included by Plaintiff as a Defendant due to his official and/or supervisory role. Plaintiff does not allege that he had any personal knowledge of the incidents that allegedly took place in this case or acquiesced in them. Therefore, the court will grant the instant motion to dismiss as to Defendant Warden Martinez without prejudice and will grant Plaintiff leave to amend his complaint to state a claim against Warden Martinez and any other potential defendants, if possible.

### C. **Amended Complaint**

In light of Plaintiff's failure to assert *Bivens* claims in his originally filed complaint against properly named Defendants, the court will grant him leave to file an amended complaint in order to state a claim, if possible, against properly named Defendants.

In preparing his amended complaint, Plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, a complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify

11

the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Finally, Plaintiff is advised that if he fails to file, within the applicable time period, an amended complaint adhering to the standards set forth above, this action will be dismissed with prejudice.

## IV.     <u>Conclusion</u>

For the reasons set forth herein, the motion to dismiss will be granted with prejudice as to Defendant BOP, and BOP will dismissed as a party in this action. Further, the motion to dismiss will be granted without prejudice as to Defendant Warden Martinez. Plaintiff will be granted leave to amend his complaint to state a claim against Warden Martinez and any other potential defendants, if possible.

An appropriate order will issue.

    s/Sylvia H. Rambo
United States District Judge

Dated: June 16, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DULCIDIO QUIRINDONGO,**     :
                              :
    **Plaintiff**     :     **CIVIL NO. 1:CV-10-01742**
                              :
    v.     :     **(Judge Rambo)**
                              :
**FEDERAL BUREAU OF PRISONS,**     :
*et al.*,     :
                              :
    **Defendants**     :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion to dismiss (Doc. 20) as to Defendant BOP is **GRANTED**. The BOP is terminated as a party in this action.

2) The motion to dismiss (Doc. 20) as to Defendant Warden Martinez is **GRANTED** without prejudice to Plaintiff to file an amended complaint asserting claims against him and any other potential defendants, if possible.

3) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than July 5, 2011.

4) Failure to timely comply with this order will result in dismissal of this action with prejudice.

                                                    <u>S/Sylvia H. Rambo</u>
                                                  United States District Judge

Dated: June 16, 2011