IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DULCIDIO QUIRINDONGO,** | : | **CIVIL NO. 1:10-CV-1742** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| **WARDEN RICARDO MARTINEZ,** *et al.*, | : | |
| Defendants | : | |

# **M E M O R A N D U M**

Before the court is Plaintiff Dulcidio Quirindongo's motion for reconsideration of the court's memorandum and order of July 18, 2012 (Doc. 66), granting Defendants' motion for summary judgment in favor of Defendants Martinez, Holtzapple, Pigos, Rey, Russell, Conlin, Potope, and Donlin. (Doc. 69.) For the reasons that follow, the instant motion (Doc. 69) will be denied.

## **I.  Background**

In his amended complaint, Plaintiff alleged that on October 7, 2008, he underwent a "radical prostatectomy that required major surgery." (Doc. 32 at 1.) Following his surgery, he returned to USP-Allenwood. (*See id.*) In connection with his post-surgery care at USP-Allenwood, Plaintiff claimed that "(1) [Defendants] failed to provide the proper standard of care; (2) [Defendants] willfully neglected to maintain a proper delivery of aftercare; (3) the onsite medical staff at USP-Allenwood

was untrained to deal with the seriousness of the medical issues of the plaintiff; (4) plaintiff was not provided with the minimal standard of care for a human being; (5) and [Defendants] kept the plaintiff in a contaminated, unsanitary environment, post-operatorily, that caused the plaintiff a major infection." (*Id*. at 2.) Plaintiff further alleged that the lack of Spanish-speaking personnel at USP-Allenwood delayed his care because personnel could not understand his complaints. (*Id*. at 3.) As relief, Plaintiff sought an order directing that medical staff be trained to speak Spanish at USP-Allenwood, monetary damages for pain and suffering, and an evidentiary hearing. (*Id*. at 5.)

On October 31, 2011, Defendants filed a motion to dismiss and for summary judgment. (Doc. 49.) After the motion was ripe for disposition, the court issued a memorandum and order on July 18, 2012, granting summary judgment in favor of Defendants Martinez, Holtzapple, Pigos, Rey, Russell, Conlin, Potope, and Donlin. (Doc. 66.)

Plaintiff filed a motion for reconsideration on August 21, 2012. (Doc. 69.) In the motion, Plaintiff claims that the Defendants submitted fraudulent and altered medical records in support of their motion for summary judgment and, therefore, the court should reverse its decision in favor of Defendants. (*Id*.) Defendants filed a brief in opposition on September 6, 2012. (Doc. 71.) Plaintiff filed a reply brief on

September 20, 2012. (Doc. 72.) Thus, the motion is ripe for disposition. After careful review, the court will deny the motion for reconsideration.

**II.   Discussion**

Initially, the court notes that the instant motion for reconsideration is untimely. Pursuant to Middle District Local Rule 7.10, "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Plaintiff certifies that he placed his motion for reconsideration in the prison mailbox on August 17, 2012. (*See* Doc. 69 at 19.) As the court's memorandum and order granting summary judgment was issued on July 18, 2012, (Doc. 66), the instant motion has clearly been filed out of time. Defendants, however, have filed a brief in opposition addressing the merits of Plaintiff's motion. (Doc. 71.) For purposes of clarity, the court will address the merits of Plaintiff's motion.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration

3

establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. While the court recognizes that it referred to the medical records submitted by Defendants in support of summary judgment as "disorganized and confusing, at best," (Doc. 66 at 3 n.3), this observation does not in itself support

4

Plaintiff's argument that the court relied on "fraudulent and altered documents," (Doc. 69 at 1). Without more, Plaintiff's claim that the medical records were fraudulent or altered is unfounded. Further, Plaintiff's restated arguments regarding his claim of deliberate indifference to his serious medical needs do not constitute new evidence that was unavailable when the court determined that Plaintiff had failed to establish an Eighth Amendment violation. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: September 27, 2012.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DULCIDIO QUIRINDONGO,** | : | **CIVIL NO. 1:10-CV-1742** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | |
| **WARDEN RICARDO MARTINEZ,** *et al.*, | : | |
| Defendants | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 69) is **DENIED**.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: September 27, 2012.